GEO. B. BASON, Adm'r. of JNO. HARDEN, JAS. A. TURREN-
TINE, Ex'r, &c., and others, *v.* JOHN W. HARDEN, Trustee of
JOHN HARDEN, deceased.

Where A, in 1863, conveyed his property to B, *in trust* to pay certain
enumerated debts, divided in the deed into three classes, and C, one
of the second class creditors, directed the trustee, B, to withhold
from collection an amount sufficient to pay his debt, which was done,
and the note so withheld by the trustee became worthless by the re-
sults of the war, and not through any default of the trustee: *Held*,
that C was not entitled to a *pro rata* share of the money collected for
the benefit of the second class creditors, and that the trustee was not
liable therefor.

A trustee, who diligently enquires after the holder of a certain note
secured to be paid in the second class of a trust made in 1863, and
who being unable to find the same, still reserves a sufficient amount
of the trust funds, to wit, a note solvent at the time, to pay said se-
cured note, is not guilty of laches, because of said trust fund note
becoming worthless from the result of the war; and being in no de-
fault, cannot be charged with its *pro rata* payment as a second class
debt.

A Judge below, in stating a case for this Court, which has been the
subject of a reference, should not find facts and make conclusions of
law, not raised by the referee's report.

CIVIL ACTION, for an account and settlement of a trust fund,
heard upon exception to the report of a referee, before his
Honor, *Kerr, J.*, at the Fall Term, 1874, of ALAMANCE Supe-
rior Court.

The cause coming on to be heard in the Court below, upon
the report of C. P. Mendenhall, Esq., the referee, and the ex-
ceptions thereto, his Honor sustained certain exceptions to said
report and gave judgment against the defendant.

From this judgment the defendant appealed.

The material facts, as found by the referee, and the presiding
Judge, pertinent to the questions raised and decided in this
Court, are fully set out in the opinion of Justice BYNUM.

*Dillard & Gilmer, Morehead, Jr.,* and *Boyd,* for appellant.
*Graham & Graham* and *Scott,* contra.

BYNUM, J.   This is a creditor's action against the trustee of
a fund, for an account and settlement thereof.   Upon the
coming in of the answer, it was referred to Mr. Mendenhall as
the commissioner to take the account and report the facts and
his conclusions of law thereupon.   The account was taken and
the report made from which it appears that on the 22d June,
1860, John Harden, by deed, conveyed all his property of
every description to his son, J. W. Harden, in trust to reduce
it to cash and pay his debts, which were therein enumerated
and divided into three classes, and were to be paid in that
order.   The commissioner finds that all the property was dis-
posed of, and that the trustee collected $14,129.22, as the pro-
ceeds thereof; that including his commissions and expenses,
he paid out in discharge of debts, secured in the trust, the
sum of $14,819.93, being $690.71, in excess of his receipts.
He also finds that the trustee failed to collect $1,639.12, on
sales made by him, but he is allowed credit therefor, because
the debts were lost without his default.   As no exception is
taken to this finding, no farther notice will be taken of that
sum.   It is further found from the evidence set forth, that the
trustee acted in good faith and with ordinary prudence and
diligence in the management of the trust, and as a conclusion
of law from all the facts found, that the plaintiffs are not en-
titled to recover anything in this action.   The only exceptions
to the report insisted on here, are filed by D. C. Harden and
J. A. Turrentine, and were allowed by his Honor below, who
thereupon reversed the judgment of the commissioner and
rendered judgment for the plaintiffs, from which the defendant
appealed to this Court.

1. First, as to D. C. Harden.   His exceptions may be re-
solved into a single one, to-wit: that the commissioner finds as
fact, that he, Harden, refused to take Confederate money on
his debt, and was therefore excluded from a *pro rata* share of

BASON, Adm'r. *v.* HARDEN, Trustee.

the funds appropriated by the trust, to the payment of creditors of the second class. His Honor found that he did not refuse to receive Confederate money, was not excluded from that class, and as a conclusion of law, that he was entitled to judgment. We are concluded by this finding of the facts by his Honor, and have only to review his legal deduction therefrom. Both the commissioner and his Honor base their findings upon the same piece of evidence, to-wit, a letter from D. C. Harden to the trustee, dated June 14, 1863, the material part of which is as follows: I would advise you to be careful what kind of money you receive, especially if you want me to take any of it, as I am not willing, and will not take any depreciated currency on my debts, as I have now more than I can use to advantage, and I had rather do without mine two or three years longer, than to take it; though you can receive any kind that you can pay debts with, in their proper turn." Admitting that his Honor was correct in finding that this was not a refusal to take Confederate money, upon the narrow and technical ground that no tender was actually made, yet such emphatic language must have the effect of a license and direction to the trustee, that he might collect and pay out that currency to all the creditors who would take it, provided the trustee would withold from collection so much of the notes in his hands, as would cover his debt. This is precisely what the trustee did, as the commissioner has found. If therefore these notes, so held back at the instance of Harden, and for his benefit, afterwards became worthless by the results of the war, as is likewise found, upon no principle of equity can he be held liable. The fund set apart for the payment of this debt, at the suggestion of the creditor, was lost, and he only is to blame for not sharing the then currency of the country, with the other creditors of the same class. So that although the commissioner erred in his finding a refusal, yet he was correct, in the legal conclusion, that D. C. Harden was not entitled to recover. His Honor is

overruled in sustaining this exception, and the report of the commissioner therein is confirmed.

2. Exceptions of Turrentine : That the commisssoner found as a fact, that the Gerringer note, by the omission of the holder to present it within three months from the execution of the trust, was postponed to the 3d class of creditors, and as a conclusion of law that the holder was not entitled to a *pro rata* share of the funds appropriated to creditors of the 2d class. His Honor sustained this exception and rendered judgment in favor of this plaintiff, finding, 1st, that the note belonged to the second class of debts, and that it was laches in the trustee not to find it or make more diligent search for it. The commissioner here again erred in his facts, but was correct in his conclusions. The Gerringer note did belong to the second class of debts and would have been entitled to payment *pro rata* with the others of that class but for other facts found by the commissioner, which excused the trustee from paying it while he had funds applicable to that debt. His father, the trustor, had informed him that one Jacob Somers held the note and helped him to search through all his papers for it, but without finding it. Being told by Somers that it was in the Gerringer family, (Margaret, the original owner, being dead,) he went to Mr. Gerringer's where he was directed, and made enquiry, but could get no information about it, and it was not until December, 1869, that the holder, John S. Turrentine, presented it and demanded payment. But the trustee did not rest at that, but retained notes then solvent, sufficient to pay this debt with others. Take this evidence, in connection with the finding, that he acted in good faith and ordinary prudence ; that the trust was executed in the midst of the most stirring period of the war ; that he was hampered by stay laws, and everything around him was crumbling to pieces under the shock of arms, which finally, and before he could close his stewardship, thrust him in the army, where he had to remain until the war closed, and what remained of the trust estate was lost thereby ; put all this together, and his Honor was certainly

in error in sustaining this exception by holding the defendant to have been guilty of laches and in rendering judgment against him on the Gerringer debt. This exception is overruled and the report of the referee is confirmed.

Here our labor would regularly end but for the fact that his Honor, in stating the case for this Court, which was done several months after the trial and judgment, has found facts and made conclusions of law not raised by the exceptions. This practice is well calculated to take parties by surprise and produce confusion and uncertainty in the trial of causes. Regularly, the re'eree finds the facts and his conclusions of law thereon, stating each separately. Either party is entitled to a review of the facts and the law by exceptions filed in the particulars wherein he feels aggrieved. It is equally the duty of the Judge in reviewing the exceptions, to find and state the facts separately, with his conclusions of law thereon. The appeal to this Court is from his judgment then and there rendered. No new facts can be afterwards found, or new points, in the nature of other exceptions, be raised. The parties must stand or fall according to the case as tried.

In the case stated, his Honor has found as a fact that the trustee collected $1867.80 in United States currency since the war, which he has not expended in the payment of the debts of the trustor, according to the deed. A question is thus raised after the trial and appeal, which had not been raised by exception or otherwise. The referee does not find as a fact that any part of the fund was United States currency, or make any distinction in his account, and no exception is taken to the report in that account. By examining the account, however, we find that a considerable amount of what doubtless was " good money " has been paid out on debts, and that the residue is absorbed in the commissions of the trustee. As he has paid out $690 more than he received, the additional value of his commissions in this currency will not more than compensate for this loss.

The judgment of the Court below is reversed, the report of the commissioner is confirmed, and the action dismissed.

PER CURIAM.    Judgment below reversed, and action dismissed.